NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-114-KKC

MARVIN JACKSON                                                                                              PETITIONER

VS:                     **MEMORANDUM OPINION AND ORDER**

HECTOR A. RIOS, JR.                                                                                         RESPONDENT

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Marvin Jackson, an individual presently confined at the United States Penitentiary ("USP")-Big Sandy, in Inez, Kentucky, has submitted a *pro se* Petition for Writ of Habeas Corpus, purportedly pursuant to 28 U.S.C. § 2254, and has paid the District Court's habeas filing fee.

This matter is now before the Court for the screening of the Petition. 28 U.S.C. § 2243; Rule 4 of the Rules for Section 2251 Cases; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As Jackson is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

CLAIMS

Petitioner challenges the decision of the District of Columbia Court of Appeals, on the ground that the appellate court unreasonably determined the facts with regard to juror issues which he had raised in challenging his conviction.

ALLEGATIONS IN THE PETITION

The following is a summary or construction of the allegations contained in the Petition, including an attached Appendix [Record No. 1], and a Memorandum of Law [Record No. 5].

On July 14, 2000, a jury in the Superior Court of the District of Columbia convicted Jackson of several criminal offenses, and on October 6th of that year he was sentenced to an aggregate term of imprisonment of 25 years to life. He appealed and also joined in a co-defendant's motion to vacate his convictions pursuant to D.C. Code § 23-110. One of his arguments was that the trial court abused its discretion in its handling a claim of juror misconduct and deciding not to grant a mistrial on that ground.

On October 3, 2006, the District of Columbia Court of Appeals affirmed the trial court's actions on the merits, including its investigation of and ruling on the juror misconduct claim, the appellate court's opinion appearing as attached Appendix A. After petitions for rehearing were denied, Jackson petitioned the Supreme Court of the United States for writ of *certiorari*, but that petition was denied on May 29, 2007. One final effort, a motion to recall the mandate, was denied on August 14, 2007.

Ten months later, Petitioner initiated this action. He sets out the above facts regarding his previous challenges to his conviction and then argues the merits of his two jury misconduct

2

claims. He seeks a Writ of Habeas Corpus, the vacating of the decision of the D.C. Court of Appeals, and a new trial.

## DISCUSSION

To the extent that Jackson argues that the District of Columbia Court of Appeals erred in its decision and asks this Court to find to the contrary and vacate that decision, he apparently misunderstands the role of this federal court.

In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 426 (1983), the Supreme Court of the United States noted that the D.C. Court of Appeals is the highest court of that jurisdiction, and by statute, "final judgments and decrees of the District of Columbia Court of Appeals [are] reviewable by the Supreme Court of the United States in accordance with section 1257 of title 28, United States Code," and not reviewable by any other federal court *Id.* at 472. Accordingly, this Court lacks jurisdiction to review the D. C. Court of Appeals' decision.

To the extent that Jackson argues his claims about the jurors as a challenge to his conviction, the Court is also barred from entertaining them on the merits – again because of the uniqueness of the District of Columbia, requiring governing legislation. Review of the merits of his claims in order to undermine the conviction is governed not by the U.S. Code but by two provisions in the D.C.Code, which bar nearly all federal post-conviction review of criminal convictions obtained in the District of Columbia Superior Court.

Since prisoners sentenced in the Superior Court are not considered "state" offenders or prisoners in state custody, they may not seek federal habeas corpus relief under 28 U.S.C. § 2254. *See Swain v. Pressley*, 430 U.S. 372, 377 (1977); *Palmore v. United States*, 411 U.S. 389, 395 (1973); *Garris v. Lindsay*, 794 F.2d 722, 726 nn. 23, 24 (D.C.Cir.), *cert. denied*, 479 U.S.

3

993(1986). And because they are not "federal" offenders, prisoners sentenced in the Superior Court may not file motions to vacate, set aside, or correct their sentences under 28 U.S.C. § 2255. *See Swain*, 430 U.S. at 377.

Rather, the habeas corpus and post-conviction review that is available to District of Columbia prisoners is in D.C.Code §§ 16-1901 and 23-110. These two provisions were enacted as part of the District of Columbia Court Reform and Criminal Procedure Act of 1970.[1] It is the latter provision which precludes this Court from entertaining the instant petition.[2]

D.C.Code § 23-110 provides, in pertinent part, as follows:

(a) A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that

    (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia,
    (2) the court was without jurisdiction to impose the sentence,
    (3) the sentence was in excess of the maximum authorized by law,
    (4) the sentence is otherwise subject to collateral attack,
may move the court to vacate, set aside, or correct the sentence.

(b) A motion for such relief may be made at any time.

(c) Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting authority . . . .
. . .

(g) An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the

---

[1] Pub.L. No. 91-358, 84 Stat. 473 (1970).

[2] D.C.Code § 16.1901 prevents federal courts from entertaining habeas corpus petitions filed by prisoners who are in the custody of District of Columbia officials.

4

>Superior Court has denied him relief, unless it also appears the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C.Code § 23-110 (1981).

D.C.Code § 23-110 thereby vests subject matter jurisdiction to entertain collateral attacks upon Superior Court sentences only in the trial court. D.C.Code § 23-110 is, therefore, the functional equivalent of 28 U.S.C. § 2255. Thus, prisoners serving sentences imposed by the Superior Court must file motions challenging their sentences in that court, and federal courts are generally without jurisdiction to entertain motions to vacate, set aside, or correct a sentence imposed by the District of Columbia Superior Court. *See Swain*, 430 U.S. at 377-78; *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (§ 23-110 is exclusive remedy for such challenges); *Saleh v. Braxton*, 788 F.Supp. 1232 (D.D.C.1992).

Here, Petitioner has already availed himself of a proper motion to the D.C. Superior Court under § 23-110, but it was denied, the denial affirmed, and a petition for review by the United States Supreme Court denied. Consistent with the statute, therefore, no court may entertain his claim "unless it . . . appears the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C.Code § 23-110(g). *See Garris v. Lindsay*, 794 F.2d 722, 726 (D.C.Cir.1986); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C.Cir.1997).

The conditional language in federal and D.C. statutes is identical. With regard to a prisoner's ability to bring a claim which was bypassed or proved unsuccessful, *compare* 28 U.S.C. § 2255(e)'s bar to any federal court's entertaining such claim, "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention," *with* D.C. Code § 23-110(g), which similarly bars a bypassed, barred or second effort, "unless it also

5

appears the remedy by motion is inadequate or ineffective to test the legality of his detention." The remedy now available to District of Columbia prisoners was, in fact, patterned after that conferred upon federal prisoners.

The courts have recognized that Section 23-110 has generally been found to be adequate and effective for prisoners sentenced in D.C. Superior Court because it is "coextensive with habeas corpus" (*Saleh v. Braxton*, 788 F.Supp. 1232 (D.D.C.1992)) and is "analogous to 28 U.S.C. § 2255 for who wished to challenge their conviction or sentence" (*Blair-Bey v. Quick*, 151 F.3d at 1042). In determining whether the usual remedy is 'inadequate or ineffective,' the federal courts are guided by judicial interpretations of these statutory provisions. The remedy provided by § 23-110 is not inadequate or ineffective merely because Petitioner was unsuccessful in pursuing it. *See Garris*, 794 F.2d at 727. Nor does lack of success on § 2255 motion render that remedy inadequate or ineffective. *See Boyden v. United States*, 463 F.2d 229, 230 (9th Cir.1972) (per curiam), *cert. denied*, 410 U.S. 912 (1973).

Importantly, the appellate court in this Circuit has issued *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999), to guide the inadequate and ineffective inquiry, writing that "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied ... or because the petitioner is procedurally barred from pursuing relief under § 2255 ... or because the petitioner has been denied permission to file a second or successive motion to vacate...." *Charles v. Chandler*, 180 F.3d at 756; *see also United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied*, 534 U.S. 1008 (2001).

Instead, a collateral attack on a conviction or sentence via the usual manner, *i.e.*, under Section 2255 or Section 23-110, is inadequate only if it denies a defendant "any opportunity for

judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a non-existent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir.1998) (emphasis in original); *see also In re Smith*, 285 F.3d 6, 8 (D.C.Cir.2002); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Here, Petitioner Jackson has not been imprisoned for a non-existent offense, and his exclusive opportunity to collaterally challenge his underlying conviction came when he pursued his effort to vacate his sentence under D.C.Code § 23-110. He has not alleged that he has been denied "any opportunity for judicial rectification" of the alleged defects in his conviction. *In re Davenport*, 147 F.3d at 611. That Petitioner's § 23-110 motion was denied does not alter this conclusion.

The Petitioner herein has been denied relief by the D.C. Superior Court under § 23-110. He has not claimed, and it does not appear, that his motion under § 23-110 is or was inadequate or ineffective to test the legality of his conviction and detention. Absent such a showing, this Court lacks jurisdiction to entertain the claims in Jackson's petition for habeas corpus.[3] Therefore, his habeas petition before this Court must be dismissed for lack of jurisdiction. *See also Washington v. Hastings*, 2007 WL 1035020, *5 -6  (E.D.Ky. 2007).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     Marvin Jackson's Petitioner for Writ of Habeas Corpus is **DENIED**; and

---

[3] Petitioner styled the habeas petition as one under 28 U.S.C. § 2254 but the Clerk of the Court characterized it as a petition under 28 U.S.C. § 2241. The Court has now determined that this Petition is most analogous to the latter and no correction needs to be made in the record. *See Charles v. Chandler, supra*; *Williams v. Martinez*, ___ F.Supp.2d ___, 2008 WL 2440712 (D.D.C. 2008).

(2) Petitioner's cause of action will be **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

Dated this 5th day of August, 2008.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge